IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2186-D

| | | |
|---|---|---|
| WILLIE R. FEARS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| U.S. PAROLE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

On September 7, 2011, Willie R. Fears, Jr. ("Fears" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1] in the United States District Court for the District of Columbia, along with an application to proceed in forma pauperis [D.E. 2]. On September 27, 2011, the District Court for the District of Columbia transferred the petition to this court in light of Fears's confinement at Rivers Correctional Institution [D.E. 3–4]. On November 2, 2011, in response to Magistrate Judge Webb's order [D.E. 5], Fears filed an amended petition on the form prescribed for use in this district [D.E. 6]. On May 22, 2012, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and allowed it to proceed [D.E. 7].

On August 13, 2012, the U.S. Parole Commission ("Parole Commission" or "respondent") filed a motion to dismiss for failure to state a claim [D.E. 13], along with a supporting memorandum and several exhibits [D.E. 14]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d). Fears did not respond to the motion. As explained below, the court grants the motion for summary judgment.

I.

On May 25, 1982, the Superior Court of the District of Columbia sentenced Fears to 36 years' imprisonment for assault with intent to commit robbery while armed, armed robbery, assault with intent to kill while armed, and carrying a pistol without a license. Resp't's Mem., Ex. A (criminal judgment). On April 2, 1992, the D.C. Board of Parole paroled Fears. Id., Ex. B (certificate of parole). On November 20, 1996, and again on June 23, 2000, the D.C. Board of Parole revoked Fears's parole. Id., Exs. C–D (parole board orders). On June 16, 1999, while on parole, Fears was convicted in the Superior Court of the District of Columbia of possession with intent to distribute cocaine in a drug-free zone and possession of heroin and was sentenced to 30 months in prison, which was to run concurrently with his prior sentence. Id., Ex. E (criminal judgment).

On August 5, 1998, the Parole Commission assumed jurisdiction over District of Columbia Code offenders through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a), 111 Stat. 712, 745 ("Revitalization Act"); see also D.C. Code § 24-131(a). The Revitalization Act granted the Parole Commission exclusive jurisdiction over all District of Columbia felony prisoners. See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998). Pursuant to this authority, on March 5, 2002, the Parole Commission paroled Fears with his aggregate sentence set to expire on January 28, 2024. Resp't's Mem., Ex. F at 1 (certificate of parole).

On October 31, 2002, Court Services and Offender Supervision Agency ("CSOSA") Officer Vanhooke informed the Parole Commission that Fears had not complied with his conditions of parole by failing to seek employment, using cocaine, and failing to obey all the laws. Id., Ex. G at 1 (CSOSA report of alleged violations). Officer Vanhooke also informed the Parole Commission that on August 13, 2002, Fears had been arrested and charged in the United States District Court for

2

the District of Columbia with possession with intent to distribute heroin ("the federal charge"). Id. at 2. Fears remained in federal custody pending the disposition of the federal charge. Id. CSOSA Officer Vanhooke recommended that the Parole Commission issue a detainer warrant for Fears to ensure his detention until the case could be heard. Id. On March 11, 2003, CSOSA Officer Suggs informed the Parole Commission that Fears was convicted of the federal charge and asked the Parole Commission to issue a warrant for Fears. Id., Ex. H at 1 (letter from Officer Suggs). On May 28, 2003, the United States District Court for the District of Columbia sentenced Fears to 151 months' imprisonment. Id., Ex. I (criminal judgment).

On August 29, 2003, the Parole Commission issued a warrant against Fears, charging him with unlawful possession with intent to distribute cocaine base and the possession with intent to distribute heroin. Id., Ex. J at 1–2 (warrant). A memorandum attached to the warrant and addressed to the Inmate System Manager at FCI-Cumberland, where Fears was imprisoned, instructed the manager to "place a detainer and execute warrant when released." Id. at 4. On September 10, 2003, the Bureau of Prisons advised the Parole Commission that a detainer had been filed against Fears. Id., Ex. K (detainer action letter).

On April 14, 2011, the Parole Commission informed Fears that the August 29, 2003 detainer warrant had been assigned for initial review. Id., Ex. L (Parole Commission letter). On July 9, 2012, the Parole Commission advised Fears that it would further review the detainer warrant and requested comments from Fears to be considered for this review. Id., Ex. M at 1, 3 (Parole Commission letter). On July 19, 2012, the Parole Commission concluded its review and withdrew the warrant. Id., Ex. N (notice of action).

In considering the motion for summary judgment, the court views the evidence in the light most favorable to Fears and applies well-established principles under Rule 56 of the Federal Rules

3

of Civil Procedure. See Fed. R. Civ. P. 56; see also Scott v. Harris, 550 U.S. 372, 380 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–52 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 586–87. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

Fears asserts a due process violation. See Pet. 1. The United States Supreme Court addressed a similar claim in Moody v. Daggett, 429 U.S. 78 (1976), and held that a federal parolee imprisoned for a crime committed while on parole is not constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged with the institution of his confinement but not served on him. Id. at 89. Furthermore, although Fears argues that the failure of the Parole Commission to conduct a dispositional review of the detainer prevented him from participating in rehabilitative programs and obtaining transfer to a more rehabilitative facility, the argument fails. See Moody, 429 U.S. at 88 & n.9; see also Riley v. Holt, No. 1:CV-04-1976, 2005 WL 1154755, at *2 (M.D. Pa. May 4, 2005) (unpublished); 28 C.F.R. § 2.100(b)–(c). In any event, the Parole Commission's July 19, 2012 dispositional review of the detainer renders Fears's habeas petition moot. See, e.g., Anderson v. United States, 898 F.2d 751, 752 (9th Cir. 1990) (per curiam);

4

Case 5:11-hc-02186-D   Document 16   Filed 10/26/12   Page 4 of 5

Donn v. Baer, 828 F.2d 487, 491 (8th Cir. 1987); Heath v. U.S. Parole Comm'n, 788 F.2d 85, 90–91 (2d Cir. 1986).

II.

In sum, the court construes respondent's motion to dismiss [D.E. 13] as a motion for summary judgment and GRANTS the motion. The court DISMISSES petitioner's application for a writ of habeas corpus as moot. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 26 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge